IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD EVERETT CRONK,<br><br>    Petitioner,<br><br>  vs.<br><br>ROBERT AYERS, JR., Warden,<br><br>    Respondent. | No. C 07-05313 TEH (PR)<br><br>ORDER TO SHOW CAUSE;<br>DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL |

On October 18, 2007, Petitioner, a California state prisoner incarcerated at San Quentin State Prison, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' ("BPH") decision to deny him parole on September 14, 2005. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

**BACKGROUND**

According to the petition, Petitioner was convicted in the Superior Court of the State of California in and for the County of Sacramento of first degree murder and use of firearm and sentenced to a term of 25 years-to-life in state prison in June 1984. Petitioner has been found unsuitable for parole each time he has appeared before the BPH. He specifically challenges the BPH's decision after his fifth parole consideration hearing finding him not suitable for parole on September 14, 2005. Petitioner's claims have been exhausted before the California Supreme Court.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Legal Claims

Petitioner seeks federal habeas corpus relief from the BPH's decision finding him not suitable for parole on the grounds that the decision is arbitrary and capricious in violation of due process. Liberally construed, Petitioner's claim appears colorable under § 2254 and merits an answer from respondent. See Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

C.   Motion for Appointment of Counsel

In his petition, Petitioner asks the Court to appoint counsel for the prosecution of the instant petition. (Pet. 28.) The request is DENIED without prejudice. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court). Petitioner clearly presented his claims for relief in the petition and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly

2

presented issues in petition and accompanying memorandum).  The Court will appoint counsel on its own motion if a evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on petitioner, **within sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the answer.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the Court and all parties informed of any change of address.

SO ORDERED.

DATED:    4/28/2008

THELTON E. HENDERSON
United States District Judge

3