1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA 94102-7004
7  Telephone: (415) 703-5741
   Fax: (415) 703-5843
8  Email: Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent

10                    IN THE UNITED STATES DISTRICT COURT

11                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                              SAN FRANCISCO DIVISION

| | |
|---|---|
| 13  **DONALD EVERETT CRONK,** | C 07-05313 TEH |
| 14                                    Petitioner, | **RESPONDENT'S REQUEST** |
| 15                    v. | **FOR STAY PENDING ISSUANCE OF THE** |
| 16  **ROBERT AYERS, JR., Warden,** | **MANDATE IN** *HAYWARD* |
| 17                                    Respondent. | Judge: The Honorable Thelton E. Henderson |
| 18 | |

19                              **INTRODUCTION**

20       Petitioner filed a Petition for Writ of Habeas Corpus, contending that his due process

21  rights were violated by the Board of Parole Hearings' 2005 decision finding him unsuitable for

22  parole. The Court ordered a response to the Petition. On May 16, 2008, the Ninth Circuit

23  granted en banc review in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc*

24  *granted*, __ F.3d __, 2008 WL 2131400 (9th Cir. filed May 16, 2008), and oral argument is set

25  for June 24, 2008. The en banc court in *Hayward* may decide whether this Court has jurisdiction

26  over this case, and the appropriate standard to be applied if there is jurisdiction. Therefore,

27  Respondent requests a stay of this case pending the issuance of the mandate in *Hayward*.

28  //

1

**ARGUMENT**

2

**I.**

3

4

5

**THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD* BECAUSE BOTH THE BALANCE OF THE INTERESTS AND CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR GRANTING A STAY.**

6    A trial court has discretion to ensure the just and efficient determination of a case by

7 staying it pending the resolution of other proceedings where a stay would be "efficient for [the

8 court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*,

9 593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a court should

10 consider the possible damage that may result, the hardship or inequity that a party may suffer,

11 and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and

12 questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d

13 1098, 1109, 1111 (9th Cir. 2005). A court should also take into account the existence of similar

14 cases that are pending in the same district court, and the probability that more are likely to be

15 filed. *Id.* Staying cases that are on the forefront of an issue provides a necessary delay, allowing

16 for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

17    As the resolution of *Hayward* could significantly impact this case and numerous similar

18 cases and issuing a stay would prevent unfairness and serve the interests of judicial economy, the

19 Court should exercise its discretion and stay this matter pending the issuance of the mandate in

20 *Hayward*.

21

22

A.    **Moving Forward with This Case Before the Finality of *Hayward* Does Not Serve the Interest of Judicial Economy.**

23    Granting a stay in this case serves the interests of judicial order and economy. On May

24 16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*. (Ex. 1.) At issue before the

25 en banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this

26 case: 1) whether California has created a federally protected liberty interest in parole for life

27 inmates, and 2) if a liberty interest is created, what process is due under clearly established

28

Req. for Stay

*Cronk v. Ayers*
C 07-05313 TEH

2

1  Supreme Court authority. Resolution of these issues could establish that Petitioner does not have

2  a federally protected liberty interest in parole, potentially allowing the Court to dismiss his

3  claims for lack of jurisdiction without requiring briefing from the parties. Moreover, it would be

4  wasteful to proceed in this case without the Ninth Circuit's holdings in these matters, as the

5  parties would need to brief issues that will be decided en banc and then submit supplemental

6  briefing to apply the law as clarified in the en banc decision. The two rounds of pleadings may

7  unnecessarily complicate the matters raised and would impair the orderly course of justice.

8  Waiting for the resolution of *Hayward* would thus conserve Court resources, and prevent the

9  Court from having to revisit this matter if *Hayward* is modified or reversed.

10  A stay would also serve judicial order and economy by maintaining uniform treatment of

11  like suits, as once the law is settled it can be uniformly applied. In many habeas petitions

12  challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of

13  the cases until the resolution of *Hayward*. *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.*

14  *Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;

15  *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-

16  17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.

17  Granting a stay would therefore conserve judicial resources and serve the Court's interest

18  in orderly managing these proceedings.

19  **B.    A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**

20  A stay of this case at the district level would not unfairly impose any additional or

21  otherwise avoidable hardship on Petitioner. As discussed above, if the parties proceed in this

22  case additional briefing will likely be needed after the decision in *Hayward*, perhaps delaying

23  final resolution. Also, even if this court decides this case before *Hayward*, it is likely the losing

24  party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*. (*See*

25  Arg. I.A.)

26  / / /

27  / / /

28

Req. for Stay                                                                          *Cronk v. Ayers*
                                                                                       C 07-05313 TEH

1 **CONCLUSION**

2     When the equities are balanced, the parties' interests and the interests of judicial economy

3 support staying this case pending the final resolution of *Hayward*. Staying this case until

4 challenges to *Hayward* are resolved and that decision becomes final promotes the orderly

5 resolution of this matter, and will assist in maintaining uniformity of like suits pending before

6 this Court and similar cases that will be filed in the future. Respondent therefore requests that

7 the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*.

8     Dated: May 31, 2008

9                 Respectfully submitted,

10                 EDMUND G. BROWN JR.
                Attorney General of the State of California

11                 DANE R. GILLETTE
                Chief Assistant Attorney General

12

13                 JULIE L. GARLAND
                Senior Assistant Attorney General

14                 ANYA M. BINSACCA
                Supervising Deputy Attorney General

15

16

17                 AMANDA J. MURRAY
                Deputy Attorney General

18                 Attorneys for Respondent

19 40258039.wpd
SF2008401521

20

21

22

23

24

25

26

27

28

Req. for Stay                         *Cronk v. Ayers*
                                          C 07-05313 TEH

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Ayers v. Cronk**

No.:   **C 07-05313 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 2, 2008**, I served the attached

### RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN HAYWARD

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Donald Everett Cronk, C-87286**
**San Quentin State Prison**
**1 Main Street**
**San Quentin, CA 94964**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 2, 2008**, at San Francisco, California.

|  |  |
|---|---|
| M.M. Argarin | |
| Declarant | Signature |

40260519.wpd