1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | JULIE L. GARLAND
Senior Assistant Attorney General
4 | JENNIFER A. NEILL
Supervising Deputy Attorney General
5 | AMANDA J. MURRAY, State Bar No. 223829
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 |  Telephone: (415) 703-5741
Fax: (415) 703-5843
8 |  Email: Amanda.Murray@doj.ca.gov

9 | Attorneys for Respondent

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14

15 | **DONALD EVERETT CRONK,** | C 07-05313 THE

16 | Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES**

17 | **v.**

18 | **ROBERT AYERS, JR., Warden,** | Judge:    The Honorable Thelton E. Henderson

19 | Respondent.

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

**Page**

3  MEMORANDUM OF POINTS AND AUTHORITIES ........................................ 5

4      INTRODUCTION ................................................................................ 5

5      ARGUMENT ...................................................................................... 5

6      I.    CRONK HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF
             UNDER AEDPA. ........................................................................ 5

7

8            A.    Cronk Has Not Shown that the State Court Decisions Was Contrary
                   to Clearly Established Federal Law. ...................................... 5

9            B.    Cronk Has Not Shown that the State Courts Unreasonably Applied
                   Clearly Established Federal Law. .......................................... 7

10

11           C.    Cronk Has Not Shown that the State Court Decisions Were Based
                   on an Unreasonable Determination of the Facts. ..................... 8

12     II.   CRONK HAS NOT SHOWN THAT HE IS ENTITLED TO RELEASE
             UNDER THE BOARD'S REGULATORY MATRICES. ...................... 10

13

14     III.  CRONK HAS NOT SHOWN THAT THE BOARD WAS BIASED IN
             DENYING HIM PAROLE OR THAT IT HAS A NO-PAROLE
             POLICY. ................................................................................... 10

15

16     CONCLUSION ................................................................................... 11

17

18

19

20

21

22

23

24

25

26

27

28

Answer and Supporting Memorandum of Points and Authorities

*Cronk v. Ayers*
C 07-05313 THE

1

**TABLE OF AUTHORITIES**

2
                                                                        **Page**

3 | **Cases**

4 | *Benny v. U.S. Parole Comm'n*
    295 F.3d 977 (9th Cir. 2002)                                          4
5
    *Biggs v. Terhune*
6 | 334 F.3d 910 (9th Cir. 2003)                                         6, 7

7 | *Carey v. Musladin*
    ___ U.S. ___, 127 S. Ct. 649 (2007)                                 5, 6
8
    *Crater v. Galaza*
9 | 491 F.3d 1119 (9th Cir. 2007)                                       6, 7

10 | *Duhaime v. Ducharme*
    200 F.3d 597 (9th Cir. 2000)                                          7
11
    *Earp v. Ornoski*
12 | 431 F.3d 1158 (9th Cir. 2005)                                         7

13 | *Foote v. Del Papa*
    492 F.3d 1026 (9th Cir. 2007)                                         6
14
    *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*
15 | 442 U.S. 1 (1979)                                                 2, 3, 5-8

16 | *Gutierrez v. Griggs*
    695 F.2d 1195 (1983)                                                 10
17
    *Hayward v. Marshall*
18 | 527 F.3d 797 (9th Cir. 2008)                                         3

19 | *In re Dannenberg*
    34 Cal. 4th 1061 (2005)                                              3
20
    *In re Rosenkrantz*
21 | 29 Cal. 4th 616 (2002)                                               8

22 | *Irons v. Carey*
    505 F.3d 846 (9th Cir. 2007)                                          6
23
    *Johnson v. Zerbst*
24 | 304 U.S. 458 (1938)                                                 10

25 | *Langford v. Day*
    110 F.3d 1380 (9th Cir. 1984)                                         4
26
    *Lockyer v. Andrade*
27 | 538 U.S. 63 (2003)                                                 5, 7

28

TABLE OF AUTHORITIES  (continued)

| | Page |
|---|---|
| *Middleton v. Cupp*<br>768 F.2d 1083 (9th Cir. 1985) | 10 |
| *Nguyen v. Garcia*<br>477 F.3d 716 (9th Cir. 2007) | 6 |
| *Pulley v. Harris*<br>465 U.S. 37 (1984) | 4, 10 |
| *Rose v. Hodges*<br>423 U.S. 19 (1975) | 10 |
| *Sandin v. Connor*<br>515 U.S. 472 (1995) | 3, 6 |
| *Sass v. California Board of Prison Terms*<br>461 F.3d 1123 (9th Cir. 2006) | 3, 6 |
| *Schriro v. Landrigan*<br>___U.S.___, 127 S. Ct. 1933 (2007) | 6 |
| *Superintendent v. Hill*<br>472 U.S. 445 (1985) | 6, 8 |
| *Wilkinson v. Austin*<br>545 U.S. 209 (2005) | 3, 6 |
| *Williams v. Taylor*<br>529 U.S. 362 (2000) | 5, 7 |
| *Wright v. Van Patten*<br>___U.S.___ 128 S. Ct. 743 (2008) | 6 |
| *Ylst v. Nunnemaker*<br>501 U.S. 797 (1991) | 8 |

**Constitutional Provisions**

| | |
|---|---|
| United States Constitution<br>       Eighth Amendment | 2 |

**Statutes**

| | |
|---|---|
| United States Code, Title 28 | |
|     § 2244(d)(1) | 2 |
|     § 2254 | 2 |
|     § 2254(a) | 10 |
|     § 2254(d) | 7 |
|     § 2254(d)(1-2) | 5, 7, 8 |

**TABLE OF AUTHORITIES** (continued)

|  | Page |
|---|---|
| § 2254(e)(1) | 8 |

California Code of Regulations, Title 15
| | |
|---|---|
| § 2281 (a) | 10 |
| § 2402 | 10 |

**Other Authorities**

| | |
|---|---|
| Effective Death Penalty Act of 1996 (AEDPA) | 5-7 |

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JENNIFER A. NEILL
   Supervising Deputy Attorney General
5  AMANDA J. MURRAY, State Bar No. 223829
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone: (415) 703-5741
    Fax:  (415) 703-5843
8   Email:  Amanda.Murray@doj.ca.gov

9  Attorneys for Respondent

10

11            IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

| | |
|---|---|
| **DONALD EVERETT CRONK,** | C 07-05313 THE |
| Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **ROBERT AYERS, JR., Warden,** | |
| Respondent. | Judge:    The Honorable Thelton E. Henderson |

20      As an Answer to the Petition for Writ of Habeas Corpus filed by inmate Donald Everett

21  Cronk, Respondent, admits, alleges, and denies that:

22      1.    Cronk is in the lawful custody of the California Department of Corrections and

23  Rehabilitation following his March 23, 1984 conviction for first-degree murder with a firearm

24  use enhancement. (Petn. at p. 2.) Cronk is serving a sentence of twenty-seven years to life in

25  prison. (*Id.*)

26      2.    In 2006, Cronk filed a petition for writ of habeas corpus in Sacramento County

27  Superior Court, alleging that the Board of Parole Hearings' 2005 decision denying him parole

28  was arbitrary, capricious, and violated his due process rights. (Ex. A, Super. Ct. Pet.; Ex. B,

Answer and Supporting Memorandum of Points and Authorities                *Cronk v. Ayers*
                                                                           C 07-05313 THE
                                   1

1    Super. Ct. Order.) Cronk also alleged that the Board was biased, has a no-parole policy, and that

2    he was entitled to immediate release based on the Board's regulatory matrices.[1] The superior

3    court denied the petition, finding that "the facts of the commitment offense, the length of

4    Petitioner's incarceration to date, and his prior criminal and violent conduct support[s] the denial

5    of parole. Since there were some facts to support the denial of parole, it cannot be said that the

6    Board abused its discretion." (Ex. B at 5.)

7         3.   Cronk then raised the same claims in petitions to the California Court of Appeal and

8    the California Supreme Court. (Ex. C, Ct. App. Pet.; Ex. D, Ct. App. Order; Ex. E, Sup. Ct. Pet;

9    Ex. F, Sup. Ct. Order.) Both petitions were summarily denied. (Ex. D; Ex. F.)

10        4.   Respondent admits that Cronk exhausted his state court remedies regarding his claims

11   that the Board's 2005 decision was arbitrary, capricious and violated his due process rights, that

12   the Board is biased and has a no-parole policy, and that he is entitled to immediate release based

13   on the Board's sentencing matrices. Respondent denies that Cronk has exhausted his claims to

14   the extent they are interpreted more broadly to encompass any systematic issues beyond this

15   claim.

16        5.   Respondent admits that the Petition is timely under 28 U.S.C. § 2244(d)(1).

17   Respondent admits that the Petition is not subject to any other procedural bar.

18        6.   Respondent denies that Cronk is entitled to federal habeas relief under 28 U.S.C. §

19   2254 because the state court decisions were not contrary to, or an unreasonable application of

20   clearly established federal law as determined by the United States Supreme Court, or based on an

21   unreasonable determination of the facts.

22        7.   Respondent denies that Cronk has a federally protected liberty interest in parole and,

23   therefore, alleges that he has not a stated a federal question invoking this court's jurisdiction.

24   The Supreme Court has not clarified the methodology for determining whether a state has created

25   a federally protected liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal & Corr.*

26   _____

27        1.   Cronk also alleged that his continued incarceration was a violation of his Eighth
     Amendment right to be free from cruel and unusual punishment, but he fails to allege this claim in
28   his federal Petition and thus Respondent will not address it.

1    *Complex*, 442 U.S. 1, 12 (1979) (liberty interest in conditional parole release date created by

2    unique structure and language of state parole statute); *Sandin v. Connor*, 515 U.S. 472, 484

3    (1995) (federal liberty interest in correctional setting created only when issue creates an "atypical

4    or significant hardship" compared with ordinary prison life); *Wilkinson v. Austin*, 545 U.S. 209,

5    229 (2005) (*Sandin* abrogated *Greenholtz's* methodology for establishing the liberty interest).

6    California's parole statute does not contain mandatory language giving rise to a protected liberty

7    interest in parole under the mandatory-language approach announced in *Greenholtz*. *In re*

8    *Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's parole scheme is a two-step process

9    that does not impose a mandatory duty to grant life inmates parole before a suitability finding).

10    And continued confinement under an indeterminate life sentence does not impose an "atypical or

11    significant hardship" under *Sandin* since a parole denial does not alter an inmate's sentence,

12    impose a new condition of confinement, or otherwise restrict his liberty while he serves his

13    sentence. Thus, Respondent asserts that Cronk does not have a federal liberty interest in parole

14    under either *Greenholtz* or *Sandin*. Respondent acknowledges that in *Sass v. California Board of*

15    *Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006) the Ninth Circuit held that California's parole

16    statute creates a federal liberty interest in parole under the mandatory-language analysis of

17    *Greenholtz*, but preserves the argument, which is pending en banc in *Hayward v. Marshall*, 527

18    F.3d 797 (9th Cir. 2008).

19        8.    Even if Cronk has a federal liberty interest in parole, he received all due process to

20    which he is entitled under clearly established federal law because he was provided with an

21    opportunity to be heard and a statement of reasons for the Board's decision. *Greenholtz*, 442

22    U.S. at 16.

23        9.    Respondent denies that the some-evidence test is clearly established federal law in the

24    parole context.

25        10.    Respondent denies that the Board's 2005 decision violated Cronk's federal due process

26    rights, or that the decision was arbitrary and capricious.

27        11.    Respondent denies that the Board is biased or that it has a no-parole policy for life-term

28    inmates.

1     12.   Respondent denies that Cronk is entitled to release based on the Board's regulatory

2 matrices.  Moreover, Respondent alleges that Cronk fails to present a federal question when he

3 contends that the state courts improperly applied or interpreted state law.  Alleged errors in the

4 application of state law are not cognizable in federal habeas corpus. *Pulley v. Harris*, 465 U.S.

5 37, 41 (1984); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1984).

6     13.   Respondent submits that an evidentiary hearing is not necessary because the claims

7 can be resolved on the existing state court record. *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th

8 Cir. 1999).

9     14.   Respondent denies that Cronk is entitled to immediate release or that if Cronk is

10 entitled to release, that he be released from prison without a parole term.  Respondent also denies

11 that the Board is required to set a prison term for him and release him from prison pursuant to

12 that term.  Cronk's remedy is limited to the process that is due, which is a new review by the

13 Board comporting with due process. *See Benny v. U.S. Parole Comm'n*, 295 F.3d 977, 984-85

14 (9th Cir. 2002) (a liberty interest in parole is limited by the Board's exercise of discretion, and a

15 due process error does not entitle an inmate to a favorable parole decision).

16     15.   Cronk fails to state or establish any grounds for habeas corpus relief.

17     16.   Except as expressly admitted in this Answer, Respondent denies the allegations of the

18 Petition.

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### INTRODUCTION

3  Cronk claims that the Board's 2005 decision finding him unsuitable for parole violated his

4  due process rights.  But Cronk merely alleges a disagreement with the Board's decision, and fails

5  to establish that the state court decisions denying his due process claims were contrary to, or an

6  unreasonable application of clearly established federal law as determined by the United States

7  Supreme Court, or were based on an unreasonable determination of the facts.  Thus, there are no

8  grounds for federal habeas relief.

9

### ARGUMENT

10

### I.

11  **CRONK HAS NOT SHOWN THAT HE IS ENTITLED TO RELIEF UNDER
AEDPA.**

12

13  Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a federal court

14  may not grant a writ of habeas corpus unless the state court's adjudication was either: 1)

15  "contrary to, or involved an unreasonable application of, clearly established Federal law, as

16  determined by the Supreme Court of the United States;" or 2) "based on an unreasonable

17  determination of the facts in light of the evidence presented at the State Court proceeding."

18  28 U.S.C. § 2254(d)(1-2) (2000).  Cronk has not demonstrated that he is entitled to relief under

19  this standard.

20  **A.   Cronk Has Not Shown that the State Court Decisions Was Contrary to
Clearly Established Federal Law.**

21

22  As a threshold matter, the Court must decide what, if any, "clearly established Federal law"

23  applies. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).  In making this determination, the Court

24  may look only to the holdings of the United States Supreme Court governing at the time of the

25  state court's adjudication.  *Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 653 (2007) (quoting

26  *Williams v. Taylor*, 529 U.S. 362 (2000)).  The only case in which the Supreme Court has

27  addressed the process due in state parole proceedings is *Greenholtz*. *Greenholtz*, 442 U.S. 1.

28  The Supreme Court there held that due process is satisfied when the state provides an inmate an

Answer and Supporting Memorandum of Points and Authorities

*Cronk v. Ayers*
C 07-05313 THE

1   opportunity to be heard and a statement of the reasons for the parole decision. *Id.* at 16. "The

2   Constitution does not require more." *Id.*[2] No other Supreme Court holdings require more at a

3   parole hearing.

4       Cronk does not contest that he received the *Greenholtz* protections. (*See generally* Pet.)

5   Because *Greenholtz* was satisfied and *Greenholtz* is the only Supreme Court authority regarding

6   an inmate's due process rights during parole proceedings, the state court decision upholding the

7   Board's decision was not contrary to clearly established federal law.  Thus, the Petition should be

8   denied.

9       Although Cronk alleges that the Board's decision must be supported by some evidence,

10  there is no clearly established federal law applying this standard to parole decisions.  The

11  Supreme Court has held that under AEDPA a test announced in one context is not clearly

12  established federal law when applied to another context. *Wright v. Van Patten*, ___U.S.___ 128

13  S. Ct. 743, 746-47 (2008); *Schriro v. Landrigan*, ___U.S.___, 127 S. Ct. 1933 (2007); *Musladin*,

14  127 S. Ct. at 652-54; *see also*, *Foote v. Del Papa*, 492 F.3d 1026, 1029 (9th Cir. 2007); *Nguyen*

15  *v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir. 2007); *Crater v. Galaza*, 491 F.3d 1119, 1122 (9th

16  Cir. 2007).  The Supreme Court developed the some-evidence standard in the context of a prison

17  disciplinary hearing, *Superintendent v. Hill*, 472 U.S. 445, 457 (1985), which is a fundamentally

18  different context than a parole proceeding.  Because the tests and standards developed by the

19  Supreme Court in one context cannot be transferred to distinguishable factual circumstances for

20  AEDPA purposes, it is not appropriate to apply the some-evidence standard of judicial review to

21  parole decisions.

22      Thus, the Ninth Circuit's application of the some-evidence standard to parole decisions is

23  improper under AEDPA. *See, e.g.*, *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003);  *Sass*, 461

24  F.3d at 1128; *Irons v. Carey*, 505 F.3d 846, 851 (9th Cir. 2007).  Moreover, AEDPA does not

25

26      2. The Supreme Court has cited *Greenholtz* approvingly for the proposition that the "level
    of process due for inmates being considered for release on parole includes an opportunity to be heard
27  and notice of any adverse decision" and noted that, although *Sandin* abrogated *Greenholtz's*
    methodology for establishing the liberty interest, *Greenholtz* remained "instructive for [its]
28  discussion of the appropriate level of procedural safeguards." *Austin*, 545 U.S. at 229.

1 permit relief based on circuit caselaw. *Crater*, 491 F.3d at 1123, 1126 (§ 2254(d)(1) renders

2 decisions by lower courts non-dispositive for habeas appeals); *Earp v. Ornoski*, 431 F.3d 1158,

3 1182 (9th Cir. 2005) ("Circuit court precedent is relevant only to the extent it clarifies what

4 constitutes clearly established law." . . . "Circuit precedent derived from an extension of a

5 Supreme Court decision is not clearly established federal law as determined by the Supreme

6 Court."); *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 2000). Therefore, the Ninth

7 Circuit's use of the some-evidence standard is not clearly established federal law and is not

8 binding on this Court.

9      Similarly, Cronk's related claim that the Board's reliance on the immutable factor of his

10 commitment offense violates due process finds no support in Supreme Court precedent.

11 Although the Ninth Circuit has suggested that this might amount to an additional due process

12 claim, *Biggs*, 334 F.3d at 917, because there is no clearly established federal law precluding

13 reliance on unchanging factors federal habeas relief is not available. 28 U.S.C. § 2254(d).

14      Moreover, Cronk's claim that the Board's decision was arbitrary and capricious fails

15 because the Board and the state courts gave Cronk individualized consideration and evaluated the

16 positive and negative factors in considering his eligibility for parole. (Ex. B at 2-5.)

17      In sum, the only clearly established federal law setting forth the process due in the parole

18 context is *Greenholtz*. Cronk does not allege that he failed to receive these protections.

19 Therefore Cronk has not shown that the state court decisions denying habeas relief were contrary

20 to clearly established federal law.

21      **B.**    **Cronk Has Not Shown that the State Courts Unreasonably**
22                **Applied Clearly Established Federal Law.**

23      Habeas relief may only be granted based on AEDPA's unreasonable-application clause

24 where the state court identifies the correct governing legal rule from Supreme Court cases but

25 unreasonably applies it to the facts of the particular state case. *Williams*, 529 U.S. at 406. The

26 petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at

27 410; *Lockyer*, 538 U.S. at 75. Respondent recognizes that the Ninth Circuit applies the some-

28 evidence standard as clearly established federal law, but even accepting that premise, Cronk is

Answer and Supporting Memorandum of Points and Authorities

*Cronk v. Ayers*
C 07-05313 THE

1  not entitled to federal habeas relief.  Indeed, the California Supreme Court has adopted *Hill*'s

2  some-evidence test as the judicial standard to be used in evaluating parole decisions, *In re*

3  *Rosenkrantz*, 29 Cal. 4th 616 (2002), and Cronk has not shown that the state courts unreasonably

4  applied the standard.

5          Here, the superior court issued a reasoned decision finding that the facts of Cronk's

6  commitment offense, the length of his incarceration, and his prior criminal and violent conduct

7  support denying him parole. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991) (federal court

8  looks to the last reasoned state court decision as the basis for the state court judgment); (Ex. B at

9  5.)  Specifically, the court reviewed the factual bases for each factor cited by the Board and

10  concluded that they were supported by some evidence.  (Ex. B at 3-5.)

11          Although Cronk invites the Court to re-examine the facts of his case and re-weigh the

12  evidence presented to the Board, there is no Supreme Court law permitting this degree of judicial

13  intrusion.  Indeed, the Supreme Court has recognized the difficult and sensitive task faced by the

14  Board in evaluating the advisability of parole release. *Greenholtz*, 442 U.S. at 9-10.  Thus,

15  contrary to Cronk's belief that he should be paroled based on the evidence in support of his

16  parole (*see generally*, Petn.), the Supreme Court has stated that in parole release, there is no set

17  of facts which, if shown, mandate a decision favorable to the inmate. *Id.*

18          Thus, the state court reasonably applied the minimal some-evidence test. *Hill*, 472 U.S.

19  at 457.

20      C.      **Cronk Has Not Shown that the State Court Decisions Were**
                **Based on an Unreasonable Determination of the Facts.**

21

22          Under § 2254(d)(2), habeas corpus can not be granted unless the state courts' decisions

23  were based on an unreasonable determination of the facts in light of the evidence presented in the

24  state court.  The state court's factual determinations are presumed to be correct, and the petitioner

25  has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. §

26  2254(e)(1).

27          Although Cronk alleges that the Board's decision is not supported by the evidence, he

28  does not show that the state court made factual errors.  First, regarding the commitment offense,

Answer and Supporting Memorandum of Points and Authorities                    *Cronk v. Ayers*
                                                                              C 07-05313 THE

1  the court found that Cronk and his accomplices committed a robbery with masks, guns, and that

2  there was another accomplice waiting down the street for the victim. (Ex. B at 2.) The court also

3  noted that the Board found that Cronk and his accomplices knew the victim had a diamond ring,

4  that they brought oil so they could remove the ring, and that they waited in the victim's home for

5  his return, resulting in the victim's murder. (*Id.* at 2, 4.) Finally, the court noted that after the

6  shooting, Cronk and his accomplices stole items from the victim and fled — never calling for any

7  help for the victim. (*Id.* at 3.) Thus, the court reasonably concluded that the facts supported the

8  Board's finding that the crime was committed in an especially heinous and cruel manner, and

9  thus supported the Board's decision to deny parole.

10      Moreover, the court found that the Board properly determined that Cronk's imprisonment

11  had not been sufficiently lengthy because Cronk had only served the minimum of his

12  25-years-to-life sentence. (Ex. B at 4.)

13      Second, the state court found that Cronk's prior criminality and escalating pattern of

14  criminal conduct and violence supported the Board's decision to deny parole because in addition

15  to a prior theft conviction, Cronk had embezzled from his employer, passed bad checks,

16  committed a prior robbery, and then engaged in additional robberies with one of his accomplice's

17  prior to the commitment offense. (Ex. B at 3-4.)

18      Finally, the court rejected Cronk's claim that the Board failed to consider any factors in

19  support of releasing Cronk to parole, finding that the Board had commended Cronk for his

20  achievements in prison, his disciplinary-free record, and that the Board had discussed his lack of

21  juvenile record, family relationships, remorse for his crime, prior substance abuse, his parole

22  plans, and psychological reports before denying him parole. (Ex. B at 4-5.)

23      Thus, for the foregoing reasons, Cronk has not alleged by clear and convincing evidence

24  that the factual determinations are incorrect. Cronk simply disagrees with the weight the Board

25  assigned to the evidence. This disagreement does not entitle Cronk to federal habeas relief.

26  / / /

27  / / /

28  / / /

## II.

**CRONK HAS NOT SHOWN THAT HE IS ENTITLED TO RELEASE UNDER THE BOARD'S REGULATORY MATRICES.**

Cronk wrongly alleges that the Board's regulatory matrices entitle him to immediate release. (Petn. at 23-25.) Cronk's claim fails to implicate a federal claim because it is based on his construction of the state statutes and regulations regarding the manner in which the parole authority determines suitability for parole. Accordingly, his claim is predicated on state law and not cognizable in federal habeas corpus. 28 U.S.C. § 2254(a); *Rose v. Hodges* 423 U.S. 19, 21 (1975); *Gutierrez v. Griggs* 695 F.2d 1195, 1197-98 (1983). Moreover, even if Cronk is alleging that the state court erroneously rejected these claims, a federal court may not challenge a state court's interpretation or application of state law, *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985), or grant relief "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Accordingly, the Petition should be denied as to this claim.

Cronk's claim also fails because there is no United States Supreme Court law mandating that a release date be calculated before an inmate is found suitable for parole. Indeed, while the Board's regulations set forth a matrix of factors used in setting a parole date (Cal. Code Regs., tit. 15, § 2402), they also specify that the matrix is invoked only after a life inmate is "found suitable for parole." (*Id.* at § 2402 (a); § 2281 (a).) Here, the state courts reasonably determined the facts in light of the evidence presented in determining the Board's decision was supported by some evidence. (Ex. B.) Accordingly, Cronk cannot prove that the state courts acted contrary to United States Supreme Court law or unreasonably determined the facts in light of the evidence presented with respect to this claim.

## III.

**CRONK HAS NOT SHOWN THAT THE BOARD WAS BIASED IN DENYING HIM PAROLE OR THAT IT HAS A NO-PAROLE POLICY.**

The petitioner bears the burden of proving his allegations in a habeas corpus proceeding. *See Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938). Here, Cronk has not shown any evidence that the Board was biased in denying him parole or that his parole denial was based on a no-

Answer and Supporting Memorandum of Points and Authorities

*Cronk v. Ayers*
C 07-05313 THE

1  parole policy. Cronk's general allegations are insufficient to prove that the Board was biased or

2  that it has a no-parole policy. Thus, because Cronk fails to state a claim for federal habeas relief,

3  the petition must be denied.

4                                   **CONCLUSION**

5      Cronk has not demonstrated that the state court decisions denying habeas relief were

6  contrary to, or an unreasonable application of, United States Supreme Court authority, or based

7  on an unreasonable determination of the facts. Thus, the Petition should be denied.

8      Dated:  June 27, 2008

9                          Respectfully submitted,

10                         EDMUND G. BROWN JR.
                           Attorney General of the State of California

11                         DANE R. GILLETTE
                           Chief Assistant Attorney General

12
                           JULIE L. GARLAND
13                         Senior Assistant Attorney General

14                         JENNIFER A. NEILL
                           Supervising Deputy Attorney General

15

16

17

18                         AMANDA J. MURRAY
                           Deputy Attorney General
                           Attorneys for Respondent

19

20     20117568.wpd
21     SF2008401521

22

23

24

25

26

27

28

Answer and Supporting Memorandum of Points and Authorities                    *Cronk v. Ayers*
                                                                              C 07-05313 THE

                                       11

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Ayers v. Cronk**

No.:   **C 07-05313 TEH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 30, 2008**, I served the attached

### ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS; MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Donald Everett Cronk, C-87286**
**San Quentin State Prison**
**1 Main Street**
**San Quentin, CA 94964**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 30, 2008**, at San Francisco, California.

| | |
|---|---|
| M.M. Argarin | |
| Declarant | Signature |

20119190.wpd