# EXHIBIT B

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

| | | | | | | |
|---|---|---|---|---|---|---|
| DATE/TIME | : | AUGUST 28, 2006 | | DEPT. NO | : | 35 |
| JUDGE | : | RAOUL M. THORBOURNE | | CLERK | : | JUDY LAYUGAN |
| REPORTER | : | NONE | | BAILIFF | : | NONE |

IN RE: DONALD CRONK

Case No.: 06F06029

ON WRIT OF HABEAS CORPUS

Nature of Proceedings:    PETITION FOR WRIT OF HABEAS CORPUS - ORDER

The Petition for writ of habeas corpus has been filed and considered by the Court.

It is HEREBY ORDERED that the petition is DENIED.

Petitioner is housed at California State Prison San Quentin following conviction of first-degree murder with a weapon use enhancement in Sacramento County.  On September 14, 2005, at Petitioner's fifth hearing on parole suitability, the Board of Parole Hearings ("Board") found Petitioner unsuitable for parole and denied parole for one year.  He claims that the denial of parole was arbitrary in light of the numerous factors in support of parole and the only factor against parole being the unchanging facts of the commitment offense.

I.    RULES FOR PAROLE SUITABILITY HEARINGS

A petitioner seeking relief by way of habeas corpus has the burden of stating a prima facie case entitling him to relief.  (In re Bower (1985) 38 Cal.3d 865, 872.)  A petition for writ of habeas corpus should attach as exhibits all reasonably available documentary evidence or affidavits supporting the claim.  (People v. Duvall (1995) 9 Cal.4th 464, 474.)  The California Code of Regulations sets forth the rules for the Board.  The Board must consider all relevant, reliable information in the determination of whether an inmate is suitable for parole.  (See Cal. Code Regs., tit. 15, § 2402(b).)

Circumstances tending to show that the inmate is not suitable for parole include:  (1) the commitment offense was especially heinous, atrocious or cruel;  (2) the prisoner has a previous record of violence;  (3)

| | | | |
|---|---|---|---|
| BOOK | : | 35 | Superior Court of California, |
| PAGE | : | 6029 WHC | County of Sacramento |
| DATE | : | AUGUST 28, 2006 | |
| CASE NO. | : | 06F06029 | |
| CASE TITLE | : | IN RE: DONALD CRONK | BY: J. LAYUGAN, |
| | | | Deputy Clerk |

Page 1 of 5

6029 6029 whc.doc

CASE NUMBER:   06F06029                                    DEPARTMENT:   35
CASE TITLE:   IN RE:  DONALD CRONK
PROCEEDINGS:   PETITION FOR WRIT OF HABEAS CORPUS - ORDER

the prisoner has a history of unstable relationships; (4) the petitioner sexually assaulted another in a sadistic manner; (5) the prisoner has a history of severe mental problems; and (6) the prisoner has engaged in serious misconduct in prison or jail.  (See Cal. Code Regs., tit. 15, § 2402(c).)  Circumstances tending to show that the inmate is suitable for parole include:  (1) the prisoner does not have a record of assaulting others as a juvenile; (2) the prisoner has experienced stable relationships with others; (3) the prisoner has acted in a manner showing remorse; (4) the prisoner committed the crime due to significant stress; (5) the prisoner does not have significant history of violent crime; (6) the prisoner's age reduces the probability of recidivism; (7) the prisoner has made realistic plans for the future; and (8) institutional behavior indicates an ability to function upon release.  (See Cal. Code Regs., tit. 15, § 2402(d).)

     "[T]he importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel."  (See Cal. Code Regs., tit. 15, § 2402(c); emphasis added.)  Although the parole board may deny parole based solely on the commitment offense, the Board must consider all other relevant factors and the offense must be "particularly egregious to justify the denial of a parole date."  (In re Ramirez (2001) 94 Cal.App.4th 549, 569-70.)  The parole board enjoys broad, but not absolute discretion in deciding whether an inmate is suitable for parole.  (In re Powell (1988) 45 Cal.3d 894, 904.)  The Board's discretion must be supported by "some evidence" or a "modicum of evidence."  (Id.)  Judicial review of the Board's parole suitability rulings is under a deferential abuse of discretion standard.  (Ramirez, 94 Cal.App.4th at 564.)

            II.   APPLICATION TO PETITIONER

     In this case, the Board concluded that Petitioner would pose an unreasonable risk of danger or a threat to public safety if released from prison.  Among other things the Board felt that Petitioner had not served enough time for the offense.  (September 14, 2005 Parole Consideration Hearing, Exhibit 2 at pp. 82-83.)  The Board found significant the fact that the commitment offense was carried out in a calculated manner rejecting Petitioner's alleged "explanation" for his actions.  The facts of the offense were that Petitioner and his co-defendant committed a robbery with masks, guns, and another co-conspirator waiting down the street for the victim.  The Board noted the Petitioner and his accomplices knew the victim had a diamond ring, that they brought oil so they could get the ring off, and that they waited at the house for the victim to return.  (Id. at pp. 83-84.)  In addition, the Board cited Petitioner's escalating pattern of criminal conduct or violence in that he was involved in other robberies

BOOK         :   35                           Superior Court of California,
PAGE         :   6029 WHC                      County of Sacramento
DATE         :   AUGUST 28, 2006
CASE NO.     :   06F06029
CASE TITLE   :   IN RE:  DONALD CRONK          BY:  J. LANIGAN,
                                                    Deputy Clerk
                    Page 2 of 5

                                                              6029 whc.doc

CASE NUMBER:  06F06029                                    DEPARTMENT:  35
CASE TITLE:  IN RE:  DONALD CRONK
PROCEEDINGS:  PETITION FOR WRIT OF HABEAS CORPUS - ORDER

prior to this offense.  (Id. at pp. 84-85.)  The Board made the further
finding that Petitioner needs therapy and other professional intervention
to fully face and understand the nature of the commitment offense.  (Id. at
p. 86.)

On the other hand, the Board commended Petitioner for continuing his
education and participating in numerous programs while in prison, noting
that Petitioner received only one counseling chrono and no serious rules
violations.  (Id. at p. 86-87.)

     A.    Commitment Offense

As noted, the Board based the denial of suitability in large part on
the commitment offense.  In addition to the above, the revocation hearing
record also shows that after the shooting, Petitioner's co-defendant stole
items from the victim's body and that they both fled, never calling for any
help for the victim.  These facts support the finding that the crime was
committed in an especially heinous and cruel manner, factors tending to
show that Petitioner is unsuitable for parole.  (See Cal. Code Regs., tit.
15, § 2402(c)(1)(D) and (E).)

     B.    Prior Criminality

In addition, in reaching its decision the Board cited Petitioner's
escalating level of criminal conduct and violence.  In addition to a prior
theft conviction, Petitioner also embezzled from his employer, passed bad
checks, committed a prior robbery and then engaged in additional robberies
with his co-defendant prior to the commitment offense.  Petitioner cites In
re Scott (2005) 133 Cal.App.4th 573 for the proposition that the other
offenses cited were committed close in time and are related to the
commitment offense so that it is unreasonable to treat them as constituting
a separate and distinct criminal history.  In Scott, the commitment offense
involved the defendant killing his wife's lover and narcotics provider.
The defendant engaged in domestic violence against his wife up to five
months before the murder.  For parole purposes the three incidents were
deemed related since they all involved disputes over the defendant's wife's
drug use and/or her relationship with the victim.  (133 Cal.App.4th at
602.)  Petitioner claims that his prior robberies were close in time to the
commitment offense.  Although this is true, the robberies were not closely
connected because, unlike Scott, they involved different victims;  each one
stood alone as a separate act.  The fact that they were motivated by
Petitioner's addiction to cocaine does not make them similar or related
crimes as found in Scott.  Instead, Petitioner's case is more akin to In re

BOOK        :  35                          Superior Court of California,
PAGE        :  6029 WHC                    County of Sacramento
DATE        :  AUGUST 28, 2006
CASE NO.    :  06F06029
CASE TITLE  :  IN RE:  DONALD CRONK        BY:  J. KAYUGAN,
                                               Deputy Clerk

                    Page 3 of 5

                                               6029 whc.doc

CASE NUMBER:   06F06029                                    DEPARTMENT:   35
CASE TITLE:    IN RE:  DONALD CRONK
PROCEEDINGS:   PETITION FOR WRIT OF HABEAS CORPUS - ORDER

Fuentes (2005) 135 Cal.App.4th 152, in which the Court of Appeal determined
that there was some evidence to support the Board's decision to deny parole
based on the commitment offense and the inmate's prior criminality.  In
that case the prior criminality consisted of non-violent offenses:  traffic
tickets and arrests for receiving stolen property, drug paraphernalia and
possession of controlled substances while in the Navy.  (The Board noted
that Fuentes failed to profit from the Navy's attempt to correct his prior
criminality and substance abuse).   The Court of Appeal agreed that the two
factors were sufficient to deny parole. (135 Cal.App.4th at 156, 158.) The
Board's decision in Petitioner's case is on much firmer ground than the
decision in Fuentes because Petitioner had a history of *violent* offenses,
including several unadjudicated robberies.  Therefore, the Board's decision
to deny parole based in part on Petitioner's prior criminality, which
escalated from theft to robberies to murder, was supported by some
evidence.

       C.   Length of Imprisonment

     Even if the Board improperly relied on Petitioner's prior criminality,
it could have based the denial of parole solely on the commitment offense.
In this regard, the Board concluded that Petitioner had not served enough
time in prison considering the nature of the offense.  By Petitioner's own
admission, the Board's matrix sets his base term at 28 to 30 years
imprisonment, if he were to be found suitable for parole.  (See Exhibit 5
at p. 1; See Cal. Code Regs., tit. 15, § 2403(b).)  Given that the minimum
term for first degree murder is 25 years and that Petitioner had served 25
years imprisonment at the time of the hearing, the Board's determination
that Petitioner's imprisonment had not been sufficiently lengthy could be
construed as a determination that his offense was particularly egregious as
compared to other first-degree murders, i.e., more than minimally necessary
for a first-degree murder conviction.

     Petitioner's contention that the Board failed to consider any factors
in mitigation is incorrect.  Thus, for instance, the Board commended
Petitioner on his numerous achievements while in prison and his discipline-
free prison record.  The Board also discussed Petitioner's lack of a
juvenile record, his family relationships, his thoughts on remorse about
the crime, his cocaine abuse that led to the offense, and his parole plans.
Although the Board did not expressly address Petitioner's age and its
effect on recidivism, the Board was certainly aware of Petitioner's age
from his records.  Contrary to the petition's contention, therefore, the
Board did consider these factors favoring a grant of parole.  The Board
ultimately concluded, however, that the factors did not outweigh the

BOOK        :   35                          Superior Court of California,
PAGE        :   6029 WHC                     County of Sacramento
DATE        :   AUGUST 28, 2006
CASE NO.    :   06F06029
CASE TITLE  :   IN RE:  DONALD CRONK          BY:  J. LAYUGAN,
                                                   Deputy Clerk

                          Page 4 of 5

                                                              6029 whc.doc

CASE NUMBER:   06F06029                                    DEPARTMENT:   35
CASE TITLE:   IN RE:  DONALD CRONK
PROCEEDINGS:   PETITION FOR WRIT OF HABEAS CORPUS - ORDER

factors of unsuitability.  (See Exhibit 1 at p. 87.)  Petitioner's claim
that the Board wrongfully dismissed the positive psychological report is
also unsubstantiated.  The report was considered.  (Exhibit 4 at p. 3.)  It
is within the Board's authority to give whatever weight to the report as it
deems appropriate.

As discussed above, the facts of the commitment offense, the length of
Petitioner's incarceration to date, and his prior criminal and violent
conduct support the denial of parole.  Since there were some facts to
support the denial of parole, it cannot be said that the Board abused its
discretion.

Dated:  8/28/06

RAOUL M. THORBOURNE,
Judge of the Superior Court
County of Sacramento

BOOK        :   35                      Superior Court of California,
PAGE        :   6029 WHC                County of Sacramento
DATE        :   AUGUST 28, 2006
CASE NO.    :   06F06029
CASE TITLE  :   IN RE:  DONALD CRONK    BY:  J. LAYUGAN,
                                             Deputy Clerk

Page 5 of 5

6029 whc.doc

Case Number: 06F0o029                          Department:  35
Case Title:  IN RE:  DONALD CRONK

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(3))

I, the Clerk of the Superior Court of California, County of
Sacramento, certify that I am not a party to this cause, and on
the date shown below I served the foregoing PETITION FOR WRIT OF
HABEAS CORPUS - ORDER by depositing true copies thereof, enclosed
in separate, sealed envelopes with the postage fully prepaid, in
the United States Mail at Sacramento, California, each of which
envelopes was addressed respectively to the persons and addresses
shown below:


MICHAEL SATRIS
CARRIE KOJIMOTO
LAW OFFICES OF MICHAEL SATRIS
PO BOX 337
BOLINAS, CA 94924



I, the undersigned deputy clerk, declare under penalty of
perjury that the foregoing is true and correct.

Dated: 8/28/06                     Superior Court of California,
                                   County of Sacramento

                                   By:  J. LAYUGAN,
                                        Deputy Clerk

z2.doc